This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                   **No. 31,504**

**JUDITH DEAN,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary K. King, Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1} Defendant appeals the district court's denial of her motion to suppress, contending that the officers were not justified in seizing a box of chocolate-covered cherries previously opened by a private citizen or in expanding the scope of the private search by removing and opening a small green bag contained within the box of chocolate-covered cherries to test the contents of that bag for drugs. We disagree and affirm.

**BACKGROUND**

{2} We briefly summarize the underlying events in the light most favorable to the ruling rendered below. *See State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. Defendant went to an Aztec, New Mexico, "Zip and Ship" store seeking to send a sealed package overnight to Wyoming. The store clerk informed Defendant that overnight shipping would cost $80.00, and his suspicions were aroused because Defendant was willing to pay this amount to ship two boxes of what appeared to be chocolate-covered cherries.

{3} After Defendant left the store, the clerk opened the sealed package and saw that one of the boxes of cherries had been opened and resealed with tape. The clerk opened the resealed box of cherries and lifted out the top tray. On the bottom tray, the clerk saw a small green bag in one of the slots that would normally contain a

chocolate-covered cherry. The clerk suspected that the green bag might contain methamphetamine, but he did not open it or look inside it. He then called the police.

{4}     The officer arrived at the Zip and Ship, and the clerk led him to the back room. The officer saw the open cherry box with the top tray out and saw the green bag in the slot where a chocolate-covered cherry would usually be placed. The officer took both boxes of cherries to the police station and removed the green bag.

{5}     The officer noted that the green bag was transparent and he could see what appeared to be methamphetamine inside. He opened the bag and tested the material inside, and the substance tested positive for methamphetamine.

{6}     Defendant was subsequently arrested and charged with one count of trafficking (possession with intent to distribute) methamphetamine. *See* NMSA 1978, § 30-31-20(A)(3) (2006). She moved to suppress the evidence obtained from the warrantless search, claiming the search was in violation of the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution. In response, the State claimed that the search was justified under the private search exception to the warrant requirement and because the contents were in plain view.

{7}     After a hearing, the district court denied the motion to suppress. Defendant entered a conditional plea to trafficking (possession with intent to distribute)

3

methamphetamine, reserving her right to appeal the denial of her motion to suppress, and the district court entered an order for conditional discharge and five years of supervised probation. Defendant now appeals the denial of her motion to suppress.

**DISCUSSION**

**Standard of Review**

{8}     We review the denial of a motion to suppress as a mixed question of fact and law. *State v. Williams*, 2011-NMSC-026, ¶ 8, 149 N.M. 729, 255 P.3d 307. We determine whether the law was correctly applied to the facts and view "the facts in the light most favorable to the prevailing party." *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785; *see State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856. Furthermore, because the district court did not enter any findings of fact or conclusions of law, we "draw all inferences and indulge all presumptions in favor of the district court's ruling." *Jason* L., 2000-NMSC-018, ¶ 11.

{9}     In considering Defendant's challenge under the federal and New Mexico constitutions, we employ the interstitial approach which requires us to first "determine whether the right is protected by the Fourth Amendment." *State v. Rivera*, 2010-NMSC-046, ¶ 15, 148 N.M. 659, 241 P.3d 1099. If we determine that Defendant's Fourth Amendment rights were not violated, we will proceed to consider

whether Defendant raised and established a violation of her rights protected by Article II, Section 10 of the New Mexico Constitution. *See generally State v. Leyva*, 2011-NMSC-009, ¶¶ 51-61, 149 N.M. 435, 250 P.3d 861 (turning to consider the defendant's claim based upon the protections afforded by Article II, Section 10 of the New Mexico Constitution after first determining that the defendant had failed to establish a Fourth Amendment violation).

**Fourth Amendment**

{10} In *Rivera*, our Supreme Court adopted the private search doctrine to the extent it permits officers to search a container without a warrant if a private person, without government participation, previously searched the container and revealed its contents to the police. 2010-NMSC-046, ¶¶ 16-21. The Court held that the private search doctrine would allow an officer to re-examine the contents of a container previously opened by a private party, as long as the officer did not unreasonably exceed the scope of the previous search. *Id.* ¶ 20.

{11} In *Rivera*, a private citizen had opened the defendant's package and found a tool box inside which in turn contained opaque bundles wrapped in brown plastic. *Id.* ¶ 7. The officer testified that, based on his training and experience, he believed the opaque bundles to contain marijuana. *Id.* Our Supreme Court held that the officer's

action in cutting into the opaque bundles, although exceeding the scope of the private search, did not violate the defendant's Fourth Amendment rights because any additional intrusion was *di minimis* given the officer's suspicion that the bundles contained marijuana. *Id.* ¶ 21 (recognizing that requiring the officer to obtain a warrant "would only minimally advance Fourth Amendment interests" and was therefore unnecessary (internal quotation marks and citation omitted)).

**{12}** We conclude that *Rivera* controls in this case. Because the officer did not learn anything from his examination of the box of candy that he had not already learned through the clerk's previous search, his search did not violate Defendant's Fourth Amendment privacy rights. *See id.* ¶¶ 16-21.

**{13}** While Defendant acknowledges the Court's holding in *Rivera*, she contends that the officer's actions in opening a bag that the clerk had not yet opened allowed the officer to learn more information than what he had been told by the clerk, who had only an unsupported suspicion that the bag contained drugs. We disagree. As in *Rivera*, the officer's action of opening the bag containing the contraband and testing these contents was only a *de minimis* intrusion that did not violate Defendant's privacy rights under the Fourth Amendment. *See id.* ¶¶ 19-21.

**NEW MEXICO CONSTITUTION**

**{14}** In light of our determination that a warrant was not required under federal law, we turn to consider whether Article II, Section 10 of the New Mexico Constitution provides Defendant with greater protection so as to require a warrant. *See Rivera*, 2010-NMSC-046, ¶ 22 (recognizing that New Mexico courts have interpreted Article II, Section 10 of the New Mexico Constitution as providing greater protections for privacy than what is provided pursuant to the Fourth Amendment). In *Rivera*, the Court recognized that the New Mexico Constitution affords more protection than federal law on the issue of the reasonableness of a search. 2010-NMSC-046, ¶¶ 22-25. The Court held that a private search may not be expanded without a warrant unless one of the recognized exceptions to the warrant requirement applies. *Id.* ¶ 25.

**{15}** New Mexico recognizes the plain view exception to the warrant requirement which provides that items may be seized without a warrant "when the incriminating nature of the evidence is immediately apparent." *State v. Sublet*, 2011-NMCA-075, ¶ 29, 150 N.M. 378, 258 P.3d 1170. At the suppression hearing, the district court asked to see the bag, and it was presented by the State without objection from Defendant. The district court observed that the bag provided was green and clear, with a white powder that could be seen from the outside. Therefore, the officer was justified in opening the bag and testing the contents based upon the plain view

7

exception to the warrant requirement.  *See State v. Vasquez*, 112 N.M. 363, 368, 815 P.2d 659, 664 (Ct. App. 1991) (stating that, under the plain view doctrine, "the need for a search warrant is obviated if the contents of the container can be inferred by the container's outward appearance or if the contents are in plain view").

{16}     In her brief in chief, Defendant argues that this Court should apply *Rivera* and hold that the plain view doctrine does not apply because the contents of the inner bag were not immediately apparent.  *See* 2010-NMSC-046, ¶ 28 (holding that "[t]he plain view doctrine did not authorize [the officer] to open the opaque bundle because he thought he had probable cause to believe the bundles contained marijuana").  We disagree.  While this case is similar to *Rivera* in that both involve an initial search by a private citizen, the additional facts underlying the officer's actions in this case compel us to reach a different conclusion from the conclusion reached by our Supreme Court in *Rivera*.  *See id.*

{17}     In *Rivera*, the private employees had opened the package but discontinued the search when they discovered the bundles wrapped in brown plastic.  *Id.* ¶ 26.  When the package was reopened in front of the police officer, the officer saw the opaque bundles and believed that they contained marijuana.  *Id.*  The officer then cut open one or more of the bundles.  *Id.*  The Court held that the officer exceeded the scope of the

8

private search when he opened the opaque bundles and, "[a]bsent an exception to the warrant requirement, he was required by our constitution to obtain a search warrant if he wanted to open the opaque bundles." *Id.* ¶ 27. The State argued that the officer's actions were authorized under the plain view exception to the warrant requirement, but the Court disagreed because probable cause to believe that the bundles contained marijuana does not constitute a showing that the marijuana was in plain view given that it was contained inside an opaque bundle. *Id.* ¶ 28.

{18}    In this case, the officer could clearly see from the outside that the bag contained what appeared to be methamphetamine. Moreover, to whatever extent Defendant may have disputed the evidence establishing that the methamphetamine was in plain view, we defer to the district court's determination on this matter because it examined the bag and was in the best position to weigh the evidence and any disputed facts to determine whether the methamphetamine in the bag was in plain view. *See Urioste*, 2002-NMSC-023, ¶ 6 (recognizing that, in reviewing the denial of a motion to suppress an appellate court does not "sit as a trier of fact [because] the district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses").

**CONCLUSION**

9

{19} Based upon the foregoing, we conclude that the seizure and subsequent search did not violate Defendant's rights under the Fourth Amendment or under Section II, Article 10 of the New Mexico Constitution. Therefore, we affirm the district court's order denying Defendant's motion to suppress.

{20} **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAME J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**